{¶ 30} I concur with the majority's decision to affirm the trial court's granting summary judgment for Federal. However, I write separately because I believe the trial court's decision should be affirmed because the Ruckers are not insureds under the Federal policy's definition of "Who is an insured," as modified by the "Drive Other Car Coverage — Broadened Coverage for Named Individuals" endorsement.
 {¶ 31} I disagree with the majority's conclusion that it must reject the notion that the "Drive other Car Coverage — Broadened Coverage for Named Individuals" limits the definition of who is an insured. In reaching this conclusion, the majority relies on Addie v.Linville, Cuyahoga App. Nos. 80547 and 80916, 2002-Ohio-5333, ¶ 43, appeal allowed, 98 Ohio St.3d 1488. In Addie, the court found that because such an endorsement "does not substitute for, but rather explicitly adds to, the definition of who is an insured, * * * the ambiguity found inScott-Pontzer remains." In accordance with Addie, the majority concludes that the ambiguous "you" must still be deemed to include employees of the corporate entity identified as the "Named Insured."
 {¶ 32} However, in two more recent cases, this court has held that where a business auto policy includes individuals as named insureds, the ambiguity inherent in the term "you" is removed. See, Workman v. CarlisleEngineering, Cuyahoga App. No. 81179, 2003-Ohio-293, and Mlecik v.Farmers Ins. Co. of Columbus, Cuyahoga App. No. 81110, 2002-Ohio-6222. In Workman, supra, the court explained:
"After careful review of Cincinnati's policies, we find that plaintiffsare not insureds under the policies. Plaintiffs claim coverage on thebasis that the term `you,' as used in the Cincinnati policies, suffersfrom the same ambiguity perceived by the Ohio Supreme Court inScott-Pontzer and compels inclusion of corporate employees as insureds.However, unlike the policies examined in Scott-Pontzer, both the CommonPolicy Declarations of Cincinnati's CGL policy and the policydeclarations (along with the named insured endorsement) of Cincinnati'sumbrella policy identify an individual in addition to corporate entitiesas a named insured, that is, `George Fonseca.' As a result, when theterm `you' is used throughout the Cincinnati policies, it does, in fact,reference an actual person as opposed to only a corporate entity as wasthe case in Scott-Pontzer. The rationale behind the decision inScott-Pontzer, as set forth previously, does not exist here since theterm `you' `extends to some person or persons' and is not limited to thecorporate entity. In this case, `you' is not ambiguous for purposes ofUIM coverage. Accordingly, plaintiffs are not insured under the terms ofthese policies." (Footnote omitted).
 {¶ 33} In Mlecik v. Farmers Ins. Co. of Columbus, Cuyahoga App. No. 81110, 2002-Ohio-6222, this court reached the same conclusion and held that a reference to four specific individual insureds in addition to the corporate entity in the policy removed the ambiguity inScott-Pontzer.
 {¶ 34} In the present case, the "Drive Other Car Coverage — Broadened Coverage for Named Individuals" Endorsement expressly states that coverage is extended to "officers" and their "family members." It is undisputed that Linda Rucker was not an officer or a family member of an officer of the Cleveland Clinic. It is also undisputed that her name does not appear as a specifically identified insured. Therefore, in accordance with Workman and Mlecik, I would find the Ruckers are not insureds under the Federal policy pursuant to this endorsement.
 {¶ 35} Accordingly, I concur in judgment only.